## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **B.K., a minor child, by and through her parent and Next Friend, CRYSTAL KINDER; and CRYSTAL KINDER, individually;**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**COLONNADE AT EASTERN SHORE, LLC; HERITAGE PROPERTIES, INC.; BACAR CONSTRUCTORS, INC.; and PUCCIANO & ENGLISH, INC.,**<br><br>    **Defendants.** | **Civil Action No.:  1:21-cv-** |

## COMPLAINT

The Plaintiffs in the above-styled cause allege the following against Defendants:

## PARTIES

1.      Plaintiff B. K. is a minor child under the age of nineteen years, and at all times relevant to the facts set forth herein, was a resident and citizen of Baldwin County, Alabama.

2.      Plaintiff Crystal Kinder is the biological mother, parent, and next friend of minor B.K.  Crystal Kinder is over the age of nineteen years and at all times relevant to the facts set forth herein was a resident and citizen of Baldwin County.

3.      Defendant Colonnade at Eastern Shore, LLC (hereinafter, "Colonnade"), is a Mississippi corporation with its principal place of business in Madison, Mississippi, at 116 One Madison Plaza, Suite 2100, and at all times relevant to the facts set forth herein was doing business in Baldwin County, Alabama.

4.      Defendant Heritage Properties, Inc. (hereinafter, "Heritage Properties"), is a Mississippi corporation with its principal place of business in Madison, Mississippi, at 116 One Madison Plaza, Suite 2100, and at all times relevant to the facts set forth herein was doing business in Baldwin County, Alabama.

5.      Defendant BACAR Constructors, Inc. (hereinafter, "BACAR Constructors"), is a Tennessee corporation with its principal place of business in Nashville, Tennessee, and at all times relevant to the facts set forth herein was doing business in Baldwin County, Alabama.

6.      Defendant Pucciano & English, Inc. (hereinafter, "Pucciano & English"), is a Georgia corporation with its principal place of business in Atlanta, Georgia, and at all times relevant to the facts set forth herein was doing business in Baldwin County, Alabama.

## VENUE AND JURISDICTION

7.      The Plaintiffs, B.K. and Crystal Kinder, are citizens of the state of Alabama.

8.      Upon information and belief, Defendant Colonnade is a citizen of the state of Mississippi.

9.      Upon information and belief, Defendant Heritage Properties is a citizen of the state of Mississippi.

10.     Upon information and belief, Defendant BACAR Constructors is a citizen of the state of Tennessee.

11.     Upon information and belief, Defendant Pucciano & English is a citizen of the state of Georgia.

12.     The amount in controversy asserted herein by the Plaintiffs exceeds $75,000, exclusive of interest and costs.

13.     Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332

because there exists complete diversity among the parties and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

14.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS

15.     Defendant Colonnade was at all relevant times the owner of an apartment complex located in Daphne, Alabama, on U.S. Highway 98 called Colonnade at Eastern Shore.

16.     Defendant Heritage Properties was at all relevant times the manager of the apartment complex called Colonnade at Eastern Shore (hereinafter, "the Colonnade apartments"), located on U.S. Highway 98 in Daphne, Alabama.

17.     Defendant BACAR Constructors was at all relevant times the General Contractor that managed and oversaw construction of the Colonnade apartments, located on U.S. Highway 98 in Daphne, Alabama.

18.     Defendant Pucciano & English was at all relevant times the architect in charge of the design and construction of the Colonnade apartments, located on U.S. Highway 98 in Daphne, Alabama.

19.     As part of the design and construction of the Colonnade apartments, Defendants built a retaining wall on the west side of the property.

20.     This retaining wall was approximately 305 feet long and approximately 28 feet high at its tallest point.

21.     The retaining wall was adjacent to a grassy area where children in the apartment complex would play on a regular basis.

22.     The retaining wall had a ledge that was approximately 12 inches wide.

23.     The retaining wall had a six-foot fence that ran along one the side of the wall.

24.     The retaining wall did not have a barrier constructed that would prevent children from climbing on the ledge of the wall.

25.     The retaining wall was an attractive nuisance.

26.     The retaining wall fence was wobbly and unstable in one or more places because it was not properly secured into the ground.

27.     The retaining wall and the fence were negligently designed and constructed and created hazardous conditions.

28.     The retaining wall did not have a warning sign that instructed children not to climb on the ledge of the wall.

29.     On or about December 6, 2020, the minor Plaintiff, B. K., was an invitee on the premises of Colonnade in Baldwin County, Alabama.

30.     At all times relevant herein, the Defendants acted through their agents and employees, who were acting in the line and scope of their employment with Defendants.

### COUNT ONE
**(Negligence against all Defendants)**

31.     Plaintiffs reallege and incorporate the factual allegations from the preceding paragraphs, as if fully set forth herein.

32.     While on the premises of the Colonnade apartments in Baldwin County, the minor Plaintiff, B.K., was injured when she fell from a retaining wall on the property of said apartments.

33.     Defendants were negligent in the following respects:

a)      Negligently creating hazardous conditions;

b)      Negligently designing the retaining wall, retaining wall fence, and/or adjacent structures;

c)      Negligently building and/or installing the retaining wall, retaining wall fence, and/or adjacent structures;

d)      Negligently maintaining the retaining wall and fence retaining wall, retaining wall fence, and/or adjacent structures;

e)      Negligently inspecting and/or failing to inspect the retaining wall and fence for hazardous conditions;

f)      Failing to provide a guard, fence or barrier which would prevent children from climbing on the retaining wall ledge;

g)      Negligently failing to warn the Plaintiffs of this dangerous condition and/or failed to timely remove said dangerous condition.  Said hazardous condition was of such a nature that the Defendants knew or should have known of its existence.

h)      Violating safety codes and standards which exist to ensure public health and safety, including but not limited to: The International Building Code Section 1015.2; The International Property Management Code sections 108.1.1, 1081.1.5, 301.2, 302.7, 304.1, 304.1.1, 304.12, 306.1.1, 307.1; and other codes and standards which will be determined during discovery in this case.  The violation of such safety codes constitutes negligence per se and/or prima facie evidence of negligence.

34.    Defendants had a duty to safely design, build, and maintain the retaining wall, retaining wall fence, and/or adjacent structures; to inspect said wall, fence, and/or adjacent structures; to provide safety features to prevent children from climbing on the retaining wall ledge; to warn of the dangerous condition; and/or to abide by safety codes and standard, which Defendants breached.

35.    As a proximate consequence of the negligence of the Defendants, the minor

Plaintiff, B.K., was caused to suffer personal injuries, including but not limited to: a left shoulder humeral neck fracture and a right hip femoral head fracture with a complete dislocation, requiring multiple surgeries.  This injury is permanent, and the permanent impairments of her injuries have affected and will affect her movements and daily activities for the remainder of her life.  The minor Plaintiff, B.K., also has suffered scarring from the multiple surgeries and deformity of her femoral head.  B.K. endured extreme pain and suffering and mental anguish, and will continue to suffer these injuries in the future.  B.K. will suffer a loss of future earning capacity because of her injury. B.K. is entitled to compensatory damages for her injuries, pain, suffering, and mental anguish, as allowed by Alabama law.

36.     Plaintiff Crystal Kinder incurred medical bills on behalf of B.K., will continue to incur medical bills in the future, and is entitled to other compensatory damages as the primary caregiver of B.K., as allowed by Alabama law.

WHEREFORE, Plaintiffs seeks compensatory damages from the Defendants, jointly and severally, for all damages authorized by law with interest and costs of Court.

## COUNT TWO
### (Wantonness against all Defendants)

37.     Plaintiff realleges and incorporates the factual allegations from the preceding paragraphs, as if fully set forth herein.

38.     While on the premises of the Colonnade apartments in Baldwin County, the minor Plaintiff, B.K., was injured when she fell from a retaining wall on the property of said apartments.

39.     Defendants were wanton in the following respects:

a)     Wantonly creating hazardous conditions;

b)     Wantonly designing the retaining wall, retaining wall fence, and/or adjacent structures;

c)      Wantonly building and/or installing the retaining wall, retaining wall fence, and/or adjacent structures;

d)      Wantonly maintaining the retaining wall and fence retaining wall, retaining wall fence, and/or adjacent structures;

e)      Wantonly inspecting and/or failing to inspect the retaining wall and fence for hazardous conditions;

f)      Failing to provide a guard, fence or barrier which would prevent children from climbing on the retaining wall ledge;

g)      Wantonly failing to warn the Plaintiffs of this dangerous condition and/or failed to timely remove said dangerous condition.  Said hazardous condition was of such a nature that the Defendants knew or should have known of its existence.

h)      Violating safety codes and standards which exist to ensure public health and safety, including but not limited to: The International Building Code Section 1015.2; The International Property Management Code sections 108.1.1, 1081.1.5, 301.2, 302.7, 304.1, 304.1.1, 304.12, 306.1.1, 307.1; and other codes and standards which will be determined during discovery in this case.  The violation of such safety codes constitutes negligence per se and/or prima facie evidence of negligence.

40.      Defendants had a duty to safely design, build, and maintain the retaining wall, retaining wall fence, and/or adjacent structures; to inspect said wall, fence, and/or adjacent structures; to provide safety features to prevent children from climbing on the retaining wall ledge; to warn of the dangerous condition; and/or to abide by safety codes and standard, which Defendants breached.

41.      As a proximate consequence of the wantonness of the Defendants, the minor

Plaintiff, B.K., was caused to suffer personal injuries, including but not limited to: a left shoulder humeral neck fracture and a right hip femoral head fracture with a complete dislocation, requiring multiple surgeries.  This injury is permanent, and the permanent impairments of her injuries have affected and will affect her movements and daily activities for the remainder of her life.  The minor Plaintiff, B.K., also has suffered scarring from the multiple surgeries and deformity of her femoral head.  B.K. endured extreme pain and suffering and mental anguish, and will continue to suffer these injuries in the future.  B.K. will suffer a loss of future earning capacity because of her injury. B.K. is entitled to compensatory damages for her injuries, pain, suffering, and mental anguish, as allowed by Alabama law.

42.     Plaintiff Crystal Kinder incurred medical bills on behalf of B.K., will continue to incur medical bills in the future, and is entitled to other compensatory damages as the primary caregiver of B.K., as allowed by Alabama law.

WHEREFORE, Plaintiffs seeks compensatory damages from the Defendants, jointly and severally, for all damages authorized by law with interest and costs of Court.

Accordingly, the Plaintiff seeks compensatory and punitive damages from the Defendants, jointly and severally, for all damages authorized by law with interest and costs of Court.

## **JURY DEMAND**

**The Plaintiff requests trial by jury for the above causes of action.**

Respectfully submitted,

TAYLOR MARTINO, P.C.
Attorneys for the Plaintiff

By:*/s/ Edward P. Rowan*
Edward P. Rowan (ROWAE3430)
Tiffany M. Ray
P.O. Box 894

Mobile, Alabama 36601
Ph: (251) 433-3131
Fax: (251) 433-4207
Email:  Ed@taylormartino.com


**PLEASE SERVE THE DEFENDANTS VIA PRIVATE PROCESS SERVER**:


COLONNADE AT EASTERN SHORE, LLC
c/o Capitol Corporate Services, Inc, Registered Agent
2 North Jackson Street, Suite 605
Montgomery, Al 36104

HERITAGE PROPERTIES, INC.
    c/o Wayne Pierce, Registered Agent
    116 Madison Plaza, Suite 2100
    Madison, MS 39110

    5 Chatham Place
    Clinton, MS 39056

BACAR CONSTRUCTORS, INC.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

PUCCIANO & ENGLISH, INC.
    c/o Fred Pucciano
    3084 Mercer University Dr., Suite 110
    Atlanta, GA 30341

    c/o David A. English
    2448 Bermuda Road
    Stone Mountain, GA 30087