IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| B.K., minor child, by and through her parent and next friend, CRYSTAL KINDER; and CRYSTAL KINDER, individually; | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO: 1:21-cv-00502 |
| | ) | |
| COLONNADE AT EASTERN SHORE, LLC;  HERITAGE PROPERTIES, INC.; BACAR CONSTRUCTORS, INC.; and PUCCIANO & ENGLISH, INC.; | ) ) ) ) ) | **JURY DEMAND REQUESTED** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SYNERGY EARTH SYSTEMS, LLC; SOUTHERN TURF LANDSCAPING, LLC; MOBILE FENCE COMPANY, INC; and other FICTICIOUS THIRD-PARTY DEFENDANTS A-Z as identified below; | ) ) ) ) ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## <u>BACAR CONSTRUCTORS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT</u>

COMES NOW one of the Defendants in the above-styled action, **Bacar Constructors, Inc. ("Bacar")** and in response to Plaintiffs' First Amended

Complaint, asserts the following affirmative defenses and sets forth and says as follows:

### FIRST DEFENSE

This Defendant is not guilty.

### SECOND DEFENSE

The damages claimed by the Plaintiffs are not proximately caused by this defendant.

### THIRD DEFENSE

The injuries and/or damages claimed on behalf of the Plaintiffs are the result of an intervening or superseding cause and plaintiffs failed to mitigate.

### FOURTH DEFENSE

The damages alleged on behalf of the Plaintiffs pre-existed the incident made the basis of this lawsuit.

### FIFTH DEFENSE

The Plaintiffs failed to plead a cause of action under Alabama law against this Defendant for which relief can be granted.

### SIXTH DEFENSE

This Defendant denies the material allegations in the Complaint and demands strict proof thereof.

## SEVENTH DEFENSE

This Defendant denies that it is guilty of any willful or wanton conduct as alleged in the Complaint.

## EIGHTH DEFENSE

The claims alleged on behalf of the Plaintiffs are barred by the applicable statute of limitations.

## NINTH DEFENSE

Although this Defendant reserves its right to amend this answer to assert any further defenses, affirmative or otherwise, pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, this Defendant asserts the following affirmative defenses required by Rule 8(c) as follows: improper venue, statutes of limitations, contributory negligence, and assumption of the risk.

## TENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case, as claimed, will be in violation of this defendant's rights as delineated in the United States Constitution, the Bill of Rights and the Constitution of the State of Alabama inasmuch as the procedure for awarding punitive damages under Alabama law is vague, disproportionate, erratic and totally lacking sufficient procedural safeguards to guarantee the rights of this Defendant under the law.

## ELEVENTH DEFENSE

Any finding of liability against the defendant, which is expressly denied, would violate the rights of this defendant to procedural due process and fundamental fairness because Alabama's law of joint and several liability fails to apportion liability or damages and as a result a defendant with only slight or minimal liability can be held responsible for the gross, willful and/or active negligence of co-defendants or even unnamed parties who bear the legal responsibility for the injuries and damages alleged on behalf of the Plaintiffs.

## TWELFTH DEFENSE

This Defendant denies that Plaintiffs are entitled to recover punitive damages and affirmatively states that the law of the State of Alabama violates the constitutional rights of this Defendant on the following grounds:

(a)   The procedure whereby punitive damages are assessed, on the basis of joint and several liability, prevents apportionment between those entities who may have jointly caused or contributed to cause the plaintiffs' injuries and damages and thereby violates the Due Process and Equal Protection rights of the defendant because the net effect of this procedure provides for the imposition of punitive damages that are grossly out of proportion to the fault, if any, of this defendant.

(b)   Under Alabama law, punitive damage awards are left to the jury's standardless discretion and without sufficient review powers at the trial court level, or the appellate level, the result is a lack of procedural safegrounds to guarantee a reasonable and consistent limit for the assessment of punitive damages in violation of the defendant's rights to Equal Protection and Due Process.

(c)  The procedure whereby judgments for punitive damages are awarded under Alabama law, disallowing contribution by joint tortfeasors, whether named by the plaintiffs or not, prevents the proportional contribution of those entities that may show legal responsibility for the damages, if any, that may be assessed by a jury solely against one of the defendants.

(d)  The procedure whereby judgments for punitive damages are awarded under Alabama law fails to satisfy the constitutional rights of this defendant to the extent it does not allow consideration of plaintiffs' conduct to reduce the amount of liability, if any, of this defendant.

## THIRTEENTH DEFENSE

The imposition of damages for mental anguish and/or emotional distress are unconstitutional both under the Constitution of the State of Alabama and Constitution of the United States.  Based upon Alabama procedures relative to damages for mental anguish and emotional distress, which provide no objective, logical or reasonable standards or criteria which govern the award and the amount of the award of such damages, this defendant is denied due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 10, 11, 13, and 22 of the Alabama Constitution, separately and severally.

## FOURTEENTH DEFENSE

Any award of damages in this case for emotional distress and mental anguish would be improper and unconstitutional, as there are no procedural

safeguards for the imposition of such damages, and such damages are left to the standardless discretion of the jury.

## FIFTEENTH DEFENSE

This Defendant asserts this Court does not have jurisdiction over this matter.

## SIXTEENTH DEFENSE

This Defendant asserts the defense of improper venue.

## SEVENTEENTH DEFENSE

The Plaintiffs' claims are due to be arbitrated.

## EIGHTEENTH DEFENSE

The Plaintiffs are not entitled to indemnity or contribution under Alabama law.

## NINETEENTH DEFENSE

This Defendant is not guilty of the alleged misconduct set forth in this case.

## TWENTIETH DEFENSE

The Plaintiffs' claims are barred by release.

## TWENTY-FIRST DEFENSE

The allegations in the Complaint are not true.

## TWENTY-SECOND DEFENSE

The claims asserted by the Plaintiffs are barred by the equitable doctrines of waiver, estoppel and laches.

## TWENTY-THIRD DEFENSE

This Defendant denies that it is guilty of negligent conduct.

## TWENTY-FOURTH DEFENSE

This Court lacks jurisdiction over this Defendant and this Answer is being filed without waiving the defendant's right to contest improper service of process, deficient service of process, lack of jurisdiction over this defendant and insufficiency of process on this Defendant.

## TWENTY-FIFTH DEFENSE

This Defendant denies it breached any duty or obligation allegedly owed to Plaintiffs.

## TWENTY-SIXTH DEFENSE

This Defendant is entitled to setoff for all sums of money recovered by Plaintiffs by way of settlement or judgment.

## TWENTY-SEVENTH DEFENSE

This Defendant avers all of Plaintiffs' alleged injuries and damages were caused by the acts or omissions of others for whom defendant owes no legal responsibility.

## TWENTY-EIGHTH DEFENSE

This Defendant denies it breach any contract and demands strict proof thereof.

## TWENTY-NINTH DEFENSE

This Defendant denies it breach any express or implied warranty and demands strict proof thereof.

## THIRTIETH DEFENSE

The condition alleged in the Complaint was open and obvious to the Plaintiffs.

## THIRTY-FIRST DEFENSE

The Plaintiffs assumed the risk of any injuries and/or damages as alleged in the Complaint.

## THIRTY-SECOND DEFENSE

The Plaintiffs were contributorily negligent and therefore barred under Alabama law from making any recovery against this Defendant.

## THIRTY-THIRD DEFENSE

This Defendant pleads the general issue.

## THIRTY-FOURTH DEFENSE

This Defendant denies that the Plaintiffs were injured and damaged to the extent claimed in the Complaint and demands strict proof thereof.

## THIRTY-FIFTH DEFENSE

Although this Defendant reserves its right to amend this Answer to assert such other defenses, affirmative or otherwise, pursuant to the Alabama Rules of Civil Procedure and the Rules of this Court, this Defendant asserts the following

affirmative defenses as required under Rule 8(c), of the Alabama Rules of Civil Procedure to include; statute of limitations, contributory negligence, release, res judicata, payment, waiver, and collateral estoppel.

### THIRTY-SIXTH DEFENSE

This Defendant denies each and every material allegation made on behalf of the Plaintiffs in this case and particularly those allegations that this Defendant negligently or wantonly failed to provide a safe place or that it was negligent or wanton in failing to warn or provide notice to the Plaintiffs of an alleged unsafe condition.

### THIRTY-SEVENTH DEFENSE

This Defendant pleads the protection provided by *Ala. Code* § 6-11-21.

### THIRTY-EIGHTH DEFENSE

This Defendant asserts no duty was owed to the Plaintiffs under Alabama law under the circumstance of this case.

### THIRTY-NINTH DEFENSE

This Defendant asserts no hidden defective condition of which it had notice existed.

NOW, THEREFORE, having answered the Plaintiffs' First Amended Complaint setting forth general and affirmative defenses, this defendant sets forth

the following response to each individually numbered count and paragraph contained in the complaint as follows:

## PARTIES

1.      This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

2.      This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

3.      This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

4.      This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

5.      Admitted.

6.      This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

## <u>VENUE AND JURISDICTION</u>

7.      This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

8.      This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

9.      This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

10.     Admitted.

11.     This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

12.     This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

13.     This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

14.     This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

## **FACTS**

15.     To the best of this Defendant's knowledge, admitted.

16.     This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

17.     Admitted this Defendant served as a contractor for a project at the subject property; however, any allegations of wrongdoing against this Defendant are denied and strict proof thereof is demanded.

18.     To the best of this Defendant's knowledge, admitted.

19.     To the best of this Defendant's knowledge, admitted.

20.     To the best of this Defendant's knowledge, admitted.

21.     To the best of this Defendant's knowledge, admitted.

22.     To the best of this Defendant's knowledge, admitted.

23.     To the best of this Defendant's knowledge, admitted.

24.     This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

25.    This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

26.    This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

27.    This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

28.    This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

29.    This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

30.    This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

## COUNT ONE
### (Negligence against all Defendants)

31.    This Defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

32.    To the best of this Defendant's knowledge, admitted.

33.    This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

34.    This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

35.     This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

36.     This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

## COUNT TWO
### (Wantonness against all Defendants)

37.     This Defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

38.     To the best of this Defendant's knowledge, admitted.

39.     This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

40.     This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

41.     This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

42.     This Defendant denies the material allegations contained in this paragraph and demands strict proof thereof.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY**

Respectfully Submitted,

*/s/ David T. Gordon*
Christopher J. Zulanas (ASB-1572-U82C)
David T. Gordon (ASB-8098-V58G)
Attorneys for Defendant/Third-Party
Plaintiff, Bacar Constructors, Inc.

OF COUNSEL:
**FRIEDMAN, DAZZIO, & ZULANAS, P.C.**
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
dgordon@friedman-lawyers.com
(205) 278-7000
(205) 278-7001 Fax

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing document to be electronically filed and issued for service via electronic mail and/or US Mail on this 22nd day of December, 2021.

*/s/ David T. Gordon*
OF COUNSEL

cc:
Edward P. Rowan
Tiffany M. Ray
TAYLOR MARTINO, P.C.
P.O. Box 894
Mobile, Alabama 36601
Ed@taylormartino.com
Tiffany@taylormartino.com
*Counsel for Plaintiffs*

Adam K. Jarvis
JARVIS LAW FIRM PC
PO Box 527
Mobile, Alabama 36601-0527
adam@jarvislawfirmpc.com
*Counsel for Defendant Pucciano & English, Inc.*

**COLONNADE AT EASTERN SHORE, LLC**
c/o Capitol Corporate Services, Inc, Registered Agent
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**HERITAGE PROPERTIES, INC.**
c/o Wayne Pierce, Registered Agent
116 Madison Plaza, Suite 2100
Madison, MS 39110

5 Chatham Place
Clinton, MS 39056

**SYNERGY EARTH SYSTEMS, LLC**
26148 Capitol Drive, Suite H
Daphne, AL 36526

**SOUTHERN TURF LANDSCAPING, LLC**
3600 Old Shell Road
Mobile, AL 36608

**MOBILE FENCE COMPANY, INC.**
4308 Halls Mill Road
Mobile, AL 36693