IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| B.K., minor child, by and through her parent and next friend, CRYSTAL KINDER; and CRYSTAL KINDER, individually;<br><br>    Plaintiffs,<br><br>vs.<br><br>COLONNADE AT EASTERN SHORE, LLC; HERITAGE PROPERTIES, INC.; BACAR CONSTRUCTORS, INC.; and PUCCIANO & ENGLISH, INC.;<br><br>    Defendants.<br><br>vs.<br><br>SYNERGY EARTH SYSTEMS, LLC; SOUTHERN TURF LANDSCAPING, LLC; MOBILE FENCE COMPANY, INC; and other FICTICIOUS THIRD-PARTY DEFENDANTS A-Z as identified below;<br><br>    Third-Party Defendants. | CASE NO: 1:21-cv-00502-WS-M<br><br>**JURY DEMAND REQUESTED** |

## BACAR CONSTRUCTORS, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT

COMES NOW Bacar Constructors, Inc., the Third-Party Plaintiff, files this First Amended Third-Party Complaint against Synergy Earth Systems, LLC,

Southern Turf Landscaping, LLC, Mobile Fence Company, Inc., and Fictitious Third-Party Defendants A-Z. In support thereof, Bacar Constructors, Inc., represents the following:

## PARTIES

1. At all times relevant to this civil action, Defendant/Third-Party Plaintiff, Bacar Constructors, Inc. was a Tennessee corporation with its principal place of business in Nashville, Tennessee. At all times relevant to the facts set forth herein, Bacar Constructors was doing business in Baldwin County, Alabama.

2. Third-Party Defendant, Synergy Earth Systems, LLC, is an Alabama Limited Liability Company with its principal place of business in Daphne, Alabama, at 26148 Capital Drive, Suite H, Daphne, Alabama 36526, and all times relevant to the facts set forth herein was doing business in Baldwin County, Alabama. The members of Synergy Earth Systems, LLC are Sean Wokasien and Georgeann Wokasien, who are both citizens of Alabama.

3. Third-Party Defendant, Southern Turf Landscaping, LLC is an Alabama Limited Liability Company with its principal place of business in Mobile, Alabama at 161 N Florida St, Mobile, AL 36607-3009, and at all times relevant to the facts set forth herein was doing business in Baldwin County, Alabama. The sole member of Southern Turf Landscaping, LLC is George Hampton Reid, Jr., and he is a citizen of Alabama.

4.   Upon information and belief, Third-Party Defendant, Mobile Fence Company, Inc. is an Alabama corporation with its principal place of business in Mobile, Alabama at 4308 Halls Mill Road, Mobile, Alabama 36693, and at all times relevant to the facts set forth herein was doing business in Baldwin County, Alabama.

## VENUE & JURISDICTION

5.   Bacar Constructors, Inc. is a citizen of the State of Tennessee.

6.   Synergy Earth Systems, LLC is a citizen of the State of Alabama.

7.   Southern Turf Landscaping, LLC is a citizen of the State of Alabama.

8.   Mobile Fence Company, Inc. is a citizen of the State of Alabama.

9.   This Court has jurisdiction pursuant to 28 U.S.C. §1332 because there exists complete diversity among the parties to the original action and the amount in controversy, without interest in costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

10.   The Third-Party Defendant sets forth the following categories of Fictitious Defendants which have been unable to be ascertained at this time as the Plaintiffs' claims are vague/ambiguous with respect to the alleged defective conditions at the Colonnade at Eastern Shore.

      a.      Fictitious Third-Party Defendants A-J include those subcontractors (not yet known to the Third-Party Plaintiffs[1]) of whom performed construction services for or on behalf of the Defendants/Third-Party Plaintiffs at the Colonnade at Eastern Shore and which the Plaintiffs' allegations and/or discovery may reveal that such work is implicated as being defective and/or deficient.

      b.      Fictitious Third-Party Defendants K-Z include any liability insurers of any of the Third-Party Defendants (including insurers of said Fictitious Third-Party Defendants) of which owed the Defendants/Third-Party Plaintiffs coverage pursuant to any policy of liability insurance as an additional insured and/or additional named insured. As stated herein, the Defendants/Third-Party Plaintiffs aver that some or all of the Third-Party Defendants contracted to name Defendant/Third-Party Plaintiff as additional insured, but the Defendant/Third-Party Plaintiff has yet to be provided copies of the policies of insurance in order to determine whether the obligation was met as promised which if so, may implicate claims of breach of contract and/or extra contractual relief against said insurers.

      c.      Said Fictitious Third-Party Defendants will be substituted for the fictitiously described Defendants A-Z as soon as information is ascertained in

---

[1] The Plaintiffs' original Complaint makes vague allegations with respect to the alleged deficiencies at the Colonnade at Eastern Shore and therefore the Defendant/Third-Party Plaintiff are unable to identify which subcontractors' work may be implicated at the source of the alleged deficiency.

order to determine the identity of said entities, individuals and/or subcontractors of which the claims implicate their subcontracted work.

## FACTUAL BACKGROUND

11. On November 22, 2021, Plaintiffs filed suit against Defendant/Third-Party Plaintiff Bacar Constructors, Inc., and others as a result of personal injuries that Brooke Kinder sustained on or around a retaining wall constructed behind building number four at the Colonnade at Eastern Shore. Her accident occurred on December 6, 2020.

12. Plaintiffs claim the retaining wall did not have a barrier constructed that would prevent children from climbing on the ledge of the wall and that the retaining wall as an attractive nuisance. Further, Plaintiffs claim the retaining wall fence was unstable in one or more places because it was not properly secured in the ground.

13. In their Complaint, Plaintiffs assert the following causes of action against Defendant/Third-Party Plaintiff Bacar Constructors, Inc.: 1) Negligence, 2) Wantonness.

14. Third-Party Defendant Synergy Earth Systems, LLC, Southern Turf Landscaping LLC and Mobile Fence Company, Inc., are in the business of constructing retaining walls, installing landscaping and/or fencing for retaining walls.

15. As alleged in the Complaint, Plaintiffs contend they have been caused to suffer damages in the form of personal injuries due to the construction of the retaining wall, landscaping and fencing at the Colonnade at Eastern Shore.

16. Defendant/Third-Party Plaintiff Bacar Constructors, Inc. contracted with Third Party Defendants to construct the retaining wall behind building number four at the Colonnade at Eastern Shore, and to install landscaping and fencing for the project.

## **COUNT I – NEGLIGENCE**

17. Defendant/Third-Party Plaintiff Bacar Constructors, Inc. adopts and incorporates the above-referenced paragraphs as if fully set forth herein.

18. Third-Party Defendants owed Bacar Constructors, Inc. a duty of care to perform the work in a good and workmanlike manner and in accordance with all applicable codes, laws and ordinances.

19. The Plaintiffs claim that the construction work at issue was not performed in accordance and in keeping with such duty. If so, the same, constitutes a breach of this duty.

20. Should the Plaintiffs be found to have suffered any injury and/or damages as claimed in their complaint, it would be because of a direct and proximate result of Third-Party Defendants' breach.

21. As a result of these breaches, the Defendant/Third Party Plaintiff has been damaged and will continue to be damaged.

WHEREFORE, PREMISES CONSIDERED, Defendant/Third-Party Plaintiff Bacar Constructors, Inc. demands judgment against Third-Party Defendant for any amount a jury awards, plus damage related to same, in the sum that will fully compensate it for the damages it has sustained, including judgment, verdict, settlement, attorney's fees, expenses, together with interest, costs of this proceeding and all other damages to which it is legally entitled.

## COUNT II – WANTONNESS

22. Defendant/Third-Party Plaintiff Bacar Constructors, Inc., adopts and incorporates the above-referenced paragraphs as if fully set forth herein.

23. Third-Party Defendants owed Bacar Constructors, Inc. a duty of care to perform the work in a good and workmanlike manner and in accordance with all applicable codes, laws and ordinances. Third Party Defendants had a duty to meet or exceed industry standards and its work was to be done with reasonable care.

24. Defendant/Third-Party Plaintiff Bacar Constructors, Inc. asserts it is not liable to the Plaintiffs for the claims made the basis of their complaints. However, if Plaintiffs are believed to have suffered any injury and/or damages as claimed in the Plaintiffs' Complaint and Defendant/Third-Party Plaintiff Bacar Constructors, Inc. is found to have any liability for the alleged injuries or damages,

any such damages would be the result of wanton conduct by Third-Party Defendants.

25. As a result of these breaches, the Defendant/Third Party Plaintiff has been damaged and will continue to be damaged.

WHEREFORE, PREMISES CONSIDERED, Defendant/Third-Party Plaintiff Bacar Constructors, Inc. demands judgment against Third-Party Defendants for any amount a jury awards, plus damage related to same, in the sum that will fully compensate it for the damages it has sustained, including judgment, verdict, settlement, attorney's fees, expenses, together with interest, costs of this proceeding and all other damages to which it is legally entitled.

## **COUNT III – BREACH OF CONTRACT**

26. Defendant/Third-Party Plaintiff Bacar Constructors, Inc. adopts and incorporates the above-referenced paragraphs as if fully set forth herein.

27. Third-Party Defendants entered into Subcontract Agreements ("Agreement") with Defendant/Third Party Plaintiff regarding the Colonnade project. The Agreement requires Third Party Defendants to defend and indemnify Defendant/Third Party Plaintiff for any claims or causes of action arising from any act or omission of Third-Party Defendants, its employees and agents. Defendant/Third Party Plaintiff demands defense and indemnity from Third Party

Defendants with regard to the allegations and claims asserted by Brooke Kinder and her representatives against Defendant/Third Party Plaintiff.

28. Third-Party Defendants were responsible for providing Defendant/Third-Party Plaintiff construction work that met or exceed industry standards and its work was to be done with reasonable care.

29. Plaintiffs claim Third-Party Defendants' construction work caused their damages and injuries. If Plaintiffs' allegations are proven true and the Third-Party Defendants' work was defective, it was due to an act or omission of Third-Party Defendants, not Defendant/Third-Party Plaintiff.

30. Defendant/Third-Party Plaintiff Bacar Constructors, Inc. asserts it is not liable to the Plaintiffs for the claims made the basis of their complaint. However, if Plaintiffs are believed to have suffered any injury and/or damages as claimed in the Plaintiffs' Complaint and Defendant/Third-Party Plaintiff Bacar Constructors, Inc. is found to have any liability for the alleged injuries or damages, any such damages would be the result of a breach of contract by Third-Party Defendants.

WHEREFORE, PREMISES CONSIDERED, Defendant/Third-Party Plaintiff Bacar Constructors, Inc. demands judgment against Third-Party Defendants for any amount a jury awards, plus damage related to same, in the sum that will fully compensate it for the damages it has sustained, including judgment,

verdict, settlement, attorney's fees, expenses, together with interest, costs of this proceeding and all other damages to which it is legally entitled.

## **COUNT IV – BREACH OF IMPLIED AND EXPRESSED WARRANTIES**

31. Defendant/Third-Party Plaintiff Bacar Constructors, Inc. adopts and incorporates the above-referenced paragraphs as if fully set forth herein.

32. Third-Party Defendants entered into expressed and/or implied contracts with the Defendant/Third-Party Plaintiff that the work performed would be completed in a good and workmanlike manner.

33. Third-Party Defendants had a duty to properly complete their work and supply materials that met or exceed industry standards and their work was to be done with reasonable care.

34. The Plaintiffs claim that the construction issues with the retaining wall, landscaping, and fence behind building number four at the Colonnade at Eastern Shore caused their damages.

35. As a result of these breaches, the Defendant/Third-Party Plaintiff has been damaged and will continue to be damaged.

WHEREFORE, PREMISES CONSIDERED, Defendant/Third-Party Plaintiff Bacar Constructors, Inc. demands judgment against Third-Party Defendants for any amount a jury awards, plus damage related to same, in the sum that will fully compensate it for the damages it has sustained, including judgment,

verdict, settlement, attorney's fees, expenses, together with interest, costs of this proceeding and all other damages to which it is legally entitled.

## COUNT V – INDEMNITY
## INDEMNIFICATION – COMMON LAW
*(ALL THIRD PARTY DEFENDANTS)*

36. Defendant/Third-Party Plaintiff incorporates by reference all prior factual averments as if fully stated herein.

37. Defendant/Third-Party Plaintiff has been damaged by the omissions and/or negligence of the identified Third Party Defendant subcontractors.

38. To the extent that Defendant/Third-Party Plaintiff are liable in any way to the Plaintiffs for their alleged damages, the Third-Party Defendant subcontractors are liable to Defendant/Third Party Plaintiff for all of the Plaintiffs' claims against Defendant/Third-Party Plaintiff pursuant to the common law of the State of Alabama.

WHEREFORE PREMISES CONSIDERED, Defendant/Third Party Plaintiff demands judgment against the Third-Party Defendants for any owed sums that may be adjudged against Defendant/Third-Party Plaintiff in favor of Plaintiffs plus costs/interests.

## COUNT VI – INDEMNIFICATION - CONTRACTUAL

39. Defendants/Third-Party Plaintiffs incorporate by reference all prior factual averments as if fully stated herein.

40. Pursuant to the terms of each of the Subcontracts (referenced above) between Defendant/Third-Party Plaintiff and SOUTHERN TURF LANDSCAPING, LLC, SYNERGY EARTH SYSTEMS, LLC AND MOBILE FENCE COMPANY, INC., AND/OR FICTITIOUS DEFENDANTS, said Third-Party Defendants are contractually obligated to defend and indemnify Defendant/Third-Party Plaintiff for the alleged damages suffered by Plaintiffs.

41. Said Third-Party Defendants have breached their contracts as a result of their failure to defend and indemnify Defendant/Third-Party Plaintiff and/or failure to identify/name Defendant/Third-Party Plaintiff as additional insureds.

42. To the extent Defendant/Third-Party Plaintiff are liable to the Plaintiffs for the alleged damages, said Third-Party Defendants are liable to Defendant/Third-Party Plaintiff for all of the Plaintiffs' claims against Defendant/Third-Party Plaintiff, including attorney's fees and costs.

WHEREFORE, PREMISES CONSIDERED, Defendant/Third-Party Plaintiff Bacar Constructors, Inc. demands judgment against Third-Party Defendants for any amount a jury awards, plus damage related to same, in the sum that will fully compensate it for the damages it has sustained, including judgment, verdict, settlement, attorney's fees, expenses, together with interest, costs of this proceeding and all other damages to which it is legally entitled.

**JURY DEMAND REQUESTED**

        Respectfully Submitted,

        */s/ David T. Gordon*
        Christopher J. Zulanas (ASB-1572-U82C)
        David T. Gordon (ASB-8098-V58G)
        Attorneys for Defendant/Third-Party
        Plaintiff, Bacar Constructors, Inc.

<u>OF COUNSEL</u>:
**FRIEDMAN, DAZZIO, & ZULANAS, P.C.**
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
dgordon@friedman-lawyers.com
(205) 278-7000
(205) 278-7001 Fax

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing document to be electronically filed and issued for service via electronic mail and/or US Mail on this 26th day of January, 2022.

/s/ David T. Gordon
OF COUNSEL

**TO BE SERVED VIA CERTIFIED MAIL**
Southern Turf Landscaping, LLC
161 N Florida St
Mobile, AL 36607-3009

cc:
Edward P. Rowan
Tiffany M. Ray
TAYLOR MARTINO, P.C.
P.O. Box 894
Mobile, Alabama 36601
Ed@taylormartino.com
Tiffany@taylormartino.com
*Counsel for Plaintiffs*

Adam K. Jarvis
JARVIS LAW FIRM PC
PO Box 527
Mobile, Alabama 36601-0527
**adam@jarvislawfirmpc.com**
*Counsel for Defendant Pucciano & English, Inc.*

E. Glenn Smith, Jr.
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
gsmith@carrallison.com
*Counsel for Defendants Colonnade at Eastern Shore, LLC and Heritage Properties, Inc.*

Brian P. McCarthy
Jonathan M. Lieb
MCDOWELL KNIGHT ROEDDER
& SLEDGE, LLC
11 North Water St., Ste. 13290
Mobile, Alabama 36602
bmccarthy@mcdowellknight.com
jlieb@mcdowellknight.com
*Counsel for Mobile Fence Company, Inc.*

A. Joe Peddy
Robert B. Stewart
Smith, Spires, Peddy, Hamilton & Coleman, PC
3500 Colonnade Parkway
Suite 350
Birmingham, AL 35243
jpeddy@ssp-law.com
rstewart@ssp-law.com
*Counsel for Synergy Earth Systems, LLC*